WARD, Judge.
Hervía Cole was charged with armed robbery, tried by a jury, found guilty as charged and sentenced by the Trial Judge to forty years imprisonment without benefit of parole, probation, or suspension of sentence. Cole appeals his conviction, arguing that the Trial Court erred by denying his motion for mistrial based on the State’s failure to provide exculpatory information to him prior to his trial. We reject Cole’s argument and affirm his conviction.
On December 30, 1985, Rhonda Thigpen and Robert Martinez were working in Hausmann’s Jewelry Store at Lake Forest Plaza in New Orleans. Martinez was showing jewelry to a customer when Cole and two other men entered the store. Cole told Thigpen that he would wait to talk to Martinez. Cole approached Martinez, pulled a gun and ordered him to freeze. One of the other men began taking jewelry out of one of the store’s display cases. Judith Cromer, an employee of another store in the shopping center, looked into Hausmann’s, and by doing so startled the robbers, who then ran out of the store to a nearby exit.
Cole became a suspect during the course of a police investigation. He was arrested in California, waived extradition, and was transported to New Orleans for indictment and trial.
During the police investigation a photographic lineup was presented to six witnesses, including Martinez, Thigpen and Cromer. The lineup of seven photographs included a few suspects, one of whom was Cole. Additionally, the police had Thigpen and Martinez, along with other witnesses, compile a composite drawing of the robbers.
During trial, Cole moved for a mistrial based on the failure of the State to reveal, prior to trial, that several witnesses were unable to identify Cole from the photographic lineup. He claims that this information is exculpatory and that the names and addresses of those witnesses who failed to make an identification should have been given to him as a response to his request for all exculpatory evidence. As it was, the State’s reply to Cole’s request for exculpatory information in his bill of partic-' ulars and motion for discovery, was “no Brady material.”
*653 The State is obligated to reveal exculpatory material under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Brady requires disclosure of evidence that is both favorable to the accused and material either to his guilt or punishment. 373 U.S. at 87, 83 S.Ct. at 1196— 1197. Implicit in the materiality requirement is that there be a “reasonable probability” that the outcome of the proceeding would have been different if the evidence had been disclosed to the defense. United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).
Evidence that several witnesses who viewed a photographic lineup were unable to identify a defendant may under some circumstances be evidence both favorable to a defendant and material to the issue of his guilt. Although the State arguably should have disclosed that Mr. Martinez, the victim, could not identify Cole as the armed robber, in this case that evidence would not have influenced the outcome by creating a reasonable doubt. The record includes several confessions by Cole, two positive eyewitness identification, and other overwhelming evidence. That some witnesses including the victim were unable to identify Cole was forcefully brought to the jury’s attention throughout the trial. In this case, beyond any doubt, the denial of a mistrial because the State withheld evidence was not error.
Cole also contends the State withheld other favorable evidence when it failed to provide the composite drawings to him. In spite of his contentions the record shows they were given to Cole before trial, they became defense exhibits, and they were shown to the jurors during trial and they arrived at the appropriate verdict after viewing the evidence.
Cole’s assignments of error have no merit and his conviction and sentence are affirmed.
AFFIRMED.